*205 OPINION.
McMahon:
The sole question presented is whether during the years 1924 to 1927, inclusive, the Pelton Clinic was an association within the meaning of section 2 (a) (2) of the Revenue Acts of 1924 and 1926,[1] and hence taxable as a corporation under the provisions of section 230 of those acts.
The word “ association ” is not defined in the revenue acts. However, in Hecht v. Malley, 265 U. S. 144, where the Supreme Court had under consideration an act of Congress providing that every corporation, association, joint-stock company, and insurance company should pay a special excise tax with respect to the carrying on or doing business, the word “ association ” is defined. The Supreme Court there stated:
The word “ association ” appears to be used in the Act in its ordinary meaning. It has been defined as a term “used throughout the United States to signify a body of persons united without a charter, but upon the methods and forms used by incorporated bodies for the prosecution of some common enterprise.” 1 Abb. Law Diet. 101 (1879) ; 1 Bouv. Law Diet. (Rawle’s ed Rev.) 269 ; 3 Am. & Eng. Enc. Law (2 Ed.) 162; and Allen v. Stevens, 33 App. Div. 485, 54 N. Y. Supp. 8, 23, in which this definition was cited with approval as being in accord with the common understanding. Other definitions are:
“ In the United States, as distinguished from a corporation, a body of persons organized for the prosecution of some purpose, without a charter, but having a general form and mode of procedure of a corporation.” Webst. New Internat. Diet.
“ [U. S.] An organized but unchartered body analogous to but distinguished from a corporation.” Pract. Stand. Diet.
We conclude, therefore, that when the nature of the three trusts here involved is considered, as the petitioners are not merely trustees for collecting funds and paying them over, hut are associated together in much the same manner as the directors in a corporation for the purpose of carrying on business enterprises, the trusts are to he deemed associations within the meaning of the Act of 1918; this being true independently of the large measure of control exercised by the beneficiaries in the Hecht and Hayma/rlcet cases, which much exceeds that exercised by the beneficiaries under the Wachusett Trust. * * * [Emphasis supplied.]
Article 1502 of Regulations 69, promulgated under the Revenue Act of 1926, is identical with the same numbered article of Regulations 65, promulgated under the Revenue Act of 1924. Such article and article 1504 of Regulations 69, which for present purposes is *206 substantially the same as the same numbered article of Regulations 65, are set forth in the margin.[2] It will be seen that, under these regulations, trusts and other organizations, by whatever name known, which act or do business in an organized capacity, whether created by declaration of trust or otherwise, the net income of which is distributed or distributable among the shareholders or members on the basis of their proportionate interests, is an association taxable as a corporation. These regulations further provide that where trustees of a trust are not restricted to the mere collection of funds and payments thereof to the beneficiaries, but are associated together in much the same manner as directors in a corporation for the purpose of carrying on some business enterprise, the trust is an association within the meaning of the statute, and therefore taxable as a corporation. These regulations are either substantially the same as other regulations[3] promulgated under prior and subsequent acts or are consistent with such other regulations.
It is well settled that a regulation by a department of the Government, addressed to and reasonably adapted to the enforcement of an act of Congress, the administration of which is confided to such department, has the force and effect of law if it be not in conflict with express statutory provisions. Maryland Casualty Co. v. United States, 251 U. S. 342. It is also well settled that the practical interpretation of an ambiguous or doubtful statute that has been acted upon by officials charged with its administration will not be disturbed except for weighty reason. The substantial reenactment in later acts of the provisions theretofore construed by the department is per *207 suasive evidence of legislative approval of the regulation. Brewster v. Gage, 280 U. S. 327; and Helvering v. Bliss, 293 U. S. 144.
The provisions of the regulations in question, so far as applicable in these proceedings, are not in conflict with the provisions of the statutes. These provisions of the statutes have been reenacted by Congress in successive revenue acts,[4] which is persuasive evidence of the approval of Congress of the administrative interpretation thereof.
It is our opinion that during the years in question the Pelton Clinic was an association within the meaning of the revenue acts. It was comprised of three individuals who became voluntarily associated for the purpose of carrying on the practice of medicine and surgery. The same three individuals were the sole trustees and the sole beneficiaries. The clinic had shares of beneficial interest similar to shares of stock in a corporation and such shares were transferable. It also distributed its net profits to the beneficiaries in proportion to their holdings in much the same manner as a corporation would distribute its earnings. The trust indenture provided for the succession of the trustees by action of the beneficiaries and for the alteration or amendment of the indenture by action of the holders of 51 percent of the beneficial interest. The fact that the trustees did not take titles as officers of the organization, as they were authorized to do under the indenture, and that the business was conducted through informal meetings, rather than through formal meetings of which minutes were kept, is immaterial. It is also immaterial that the clinic had no seal or bylaws. The clinic carried on a business in much the same manner as a corporation, deriving large income therefrom which, as stated, was distributed proportionately to the holders of the beneficial interests. There was here no mere passive trust. This proceeding is governed in principle by Hecht v. Malley, supra; Joseph E. Swanson et al., Trustees, 29 B. T. A. 1123, and cases cited therein; Black Diamond Oil Trust No. 513, 25 B. T. A. 142; and Reinecke v. Kaempfer, 72 Fed. (2d) 469; certiorari denied, 294 U. S. 708. The last cited case involved an excise tax, but it also involved the question of whether a trust was an association within the meaning of the statute, and is governing in principle. In Joseph E. Swanson et al., Trustee, supra, we stated:
* * * While prior decisions enunciate general principles and illustrate the application thereof to the facts presented in each case, it is apparent that each case must be determined upon its own peculiar facts.
*208 The petitioners contend that the indenture in question bears more resemblance to a will than to a corporate charter, in view of the fact that there are provisions therein for the devolution of the beneficial interests in the event of the death of the holders of the beneficial interest. Clearly, however, this was not the primary purpose of the indenture. The primary purpose was to carry on a business. A similar contention was made in Kaempfer v. Reinecke, 7 Fed. Supp. 599, but was rejected by the United States District Court for the Northern District of Illinois, Eastern Division. That case was reversed by the United States Circuit Court of Appeals for the Seventh Circuit in Reinecke v. Kaempfer, supra, but upon other grounds.
.The respondent’s holding that during the years 1924 to 1927, inclusive, the Pelton Clinic was an association taxable as a corporation, is approved.

Decision will be entered for the respondent.

 Sec. 2. (a) When used in this Act—
[[Image here]]
(2) The term “ corporation ” includes associations, joint-stock companies, and insurance companies.

 Art. 1502. Association. — Associations and joint-stock companies include associations, common law trusts, and organizations by whatever name known, which act or do business in an organized capacity, whether created under and pursuant to State laws, agreements, declarations of trust, or otherwise, the net income of which, if any, is distributed or distributable among the shareholders on the basis of capital stock which each holds, or, where there is no capital stock, on the basis of the proportionate share or capital which each has or has invested in the business or property of the organization. * * *
Art. 1504. Associatio?i distinguished from trust. — Where trustees merely hold property for the collection of the income and its distribution among the beneficiaries of the trust, and are not engaged, either by themselves or in connection with the beneficiaries in the carrying on of any business, and the beneficiaries have no control over the trust, although their consent may be required for the filling of a vacancy among the trustees or for a modification of the terms of the trust, no association exists, and the trust and the beneficiaries thereof will be subject to tax as provided by section 219 and by articles 341-347. If, however, the beneficiaries have positive control over the trust, whether through the right periodically to elect trustees or otherwise, an association exists within the meaning of section 2. Even in the absence of any control by the beneficiaries, where the trustees are not restricted to the mere collection of funds and their payment to the beneficiaries, but are associated together with similar or greater powers than the directors in a corporation for the purpose of carrying on some business enterprise, the trust is an association within the meaning of the statute.

 Articles 1502 and 1504 of each of Regulations 62, promulgated under the Revenue Act of 1921, and Regulations 45, promulgated under the Revenue Act of 1918; article 57 of Regulations 33 promulgated under the Revenue Act of September 8, 1916, as amended by the Revenue Act of October 3, 1917; articles 1312 and 1314 of Regulations 74, promulgated under the Revenue Act of 1928; and articles 1312 and 1314 of Regulations 77, promulgated under the Revenue Act of 1932.

 Section 10 of the Revenue Act of September S, 1916; section 200 of the Revenue Act of October 3, 1917; section 1 of the Revenue Act of 1918; section 2 of the Revenue Act of 1921; section 701 (a)(2) of the Revenue Act of 1928; section 1111(a)(2) and (3) of the Revenue Act of 1932; and section 801 (a)(2) of the Revenue Act of 1934.